IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dawn E. Ramsey,                          )
                                         )
                    Plaintiff,           ) Case No. 1:05-CV-116
                                         )
          vs.                            )
                                         )
Hamilton County Sheriffs  Department,    )
                                         )
                    Defendant.           )

Memorandum and Order

Plaintiff, who resigned her employment with Defendant on September 15, 2003, alleges that Defendant forced her to resign because she is disabled and that the termination of her employment violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* She further alleges that Defendant subjected her to different terms and conditions of employment than it imposed upon non-disabled coworkers. This matter is now before the Court upon cross-motions for summary judgment by the parties (Doc. 39 and Doc. 40).

A.  Background

Defendant hired Plaintiff on June 25, 1998, to process inmates into the Hamilton County Justice Center. Plaintiff alleges that during her employment Defendant prohibited her from working overtime due to her disability, a severe inner ear condition.

She further alleges that Sheriff Simon Leis threatened to "get rid of her" due to her disability and that Defendant eventually forced her to resign her employment, in September 2003, by threatening disciplinary action for her absences, which resulted from her alleged disability.

Plaintiff contends that she is entitled to summary judgment on the ground that the evidence of record supports only one conclusion in this matter: that Defendant forced her to resign her employment because of her disability.  Defendant contends that it is entitled to summary judgment because Plaintiff cannot establish that she is, or was at any time during her employment, disabled for purposes of the ADA and because it did not take adverse action against her.  Defendant further contends that Plaintiff resigned her employment voluntarily as part of an agreement with the Hamilton County Prosecutor's Office to avoid prosecution for distributing narcotics to a fellow employee.

B.  The Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom.  United States v. Diebold, Inc., 369 U.S. 654 (1962).  "The mere existence of some alleged factual

dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary.  The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson</u>, 477 U.S. at 250.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  <u>Id.</u>

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment.  <u>Poller v. Columbia Broadcasting System, Inc.</u>, 368 U.S. 464, 472 (1962).  "[T]he issue of material fact required by Rule 56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial."  <u>First National Bank v. Cities Service Co.</u>, 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, <u>Smith v. Hudson</u>, 600 F.2d 60, 63 (6th Cir.), <u>cert. dismissed</u>, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored

procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322.  Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence.  Id.; Anderson, 477 U.S. at 250.  Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim.  Id.  Rule 56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits."  Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may

4

be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

C. <u>Analysis</u>

Plaintiff's alleged disability is an inner ear condition that results in severe dizziness, among other symptoms. She alleges that she was absent from work more frequently than permitted by regular sick leave as a result of her condition and that, for that or a related reason, Defendant prohibited her from working overtime. She further alleges that Sheriff Leis threatened to "get rid of her" because of her disability or the resulting absences. Plaintiff eventually resigned her employment in response, she alleges, to those and similar threats. On those bases, she asserts both that she was subjected to disparate terms and conditions in her employment as a result of her disability and that the loss of her employment was a result of illegal disability discrimination.

In order to prove a claim under the ADA, whether for a discriminatory adverse action or disparate treatment, an employee must demonstrate that she was a qualified individual with a disability and, thus, entitled to the protections of the ADA. <u>See</u> <u>Roush v. Weastec, Inc.</u>, 96 F.3d 840, 843 (6th Cir. 1996); <u>Monette v. Electronic Data Systems Corp.</u>, 90 F.3d 1173, 1178 (6th Cir. 1996). A "qualified individual with a disability" is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position [in question]." 42 U.S.C. §12111(8). "In order to recover on . . . her ADA claim[], . . .

5

[Plaintiff] must first establish that she was a 'qualified individual with a disability' <u>at the time of the discriminatory act</u>." <u>Kocsis v. Multi-Care Management, Inc.</u>, 97 F.3d 876, 884 (6th Cir. 1996)(emphasis in original).

While Plaintiff alleges that she was disabled while employed by Defendant and, therefore, entitled to the protections of the ADA, Defendant contends that Plaintiff cannot prove that she suffered from a disability.

The term "disability" means, with respect to an individual--

(A)    a physical or mental impairment that substantially limits one
       or more of the major life activities of such individual;

(B)    a record of such an impairment; or

(C)    being regarded as having such an impairment.

42 U.S.C. § 12102(2).  In its motion for summary judgment, Defendant argued that Plaintiff could not demonstrate that she was disabled for purposes of the ADA.  In response, Plaintiff argues only that doctors' reports demonstrate that Plaintiff suffered "dizziness and eustacheon [sic] tube dysfunction" and that she "passed out."

The mere fact that Plaintiff has been diagnosed with, or suffers from, a disorder or impairment does not satisfy her burden of proof.  <u>See Toyata Motor Manufacturing, Ky. v. Williams,</u> 534 U.S. 184, 195 (2002)("having an impairment does not make one disabled").  The disability must result in a "substantial limitation" in one or more major life activities as compared to the general population.  <u>See Gonzalez v.</u>

National Board of Medical Examiners, 225 F.3d 620, 626 (6th Cir. 2000), cert. denied, 532 U.S. 1038.

      Plaintiff argues that a genuine issue of material fact exists as to her disability.  She has not identified evidence of the level of her limitation in any major life activity, however, nor has she attempted to demonstrate, through evidence, that Defendant regarded her as being substantially limited in a major life activity.  She has failed, therefore, to demonstrate the existence of a genuine issue of material fact on the basis of evidence in the record, as she is required to do in response to a motion for summary judgment.  See Anderson, 477 U.S. at 250.  Defendant is, accordingly, entitled to summary judgment.

      The Court is also persuaded that Defendant is entitled to summary judgment with respect to the actual reason for Plaintiff's resignation, which was neither prompted by any action on the part of Defendant nor related to her absences.  Rather, an attorney representing Plaintiff agreed, whether or not with Plaintiff's approval, with the Hamilton County Prosecutor's Office that Plaintiff would resign to avoid prosecution for the illegal distribution of narcotics to a fellow employee.  Because the resignation was by agreement, Plaintiff cannot demonstrate that it amounted to a constructive discharge. Moreover, to the extent that Plaintiff may contend that she was forced by threats to agree to the resignation, she cannot demonstrate that Defendant, rather than the Prosecutor's Office, exerted the pressure.  She cannot, therefore, demonstrate that the forced resignation was an adverse employment action precipitated by Defendant.  For that

reason, she cannot prove that she was constructively discharged. <u>See</u> <u>Held v. Gulf Oil Co.</u>, 684 F.2d 427, 434 (6th Cir. 1982)(constructive discharge must be based upon the employer's conduct). She is precluded, therefore, from establishing a *prima facie* case on the basis of the resignation because she cannot prove adverse action on the part of Defendant. <u>See</u> <u>Roush</u>, 96 F.3d at 843.

Plaintiff has also failed to identify non-disabled, similarly situated employees who engaged in materially similar conduct and did not face similar consequences. For that additional reason, Defendant would be entitled to summary judgment with respect to Plaintiff's claim based upon the resignation of her employment even if she could establish a *prima facie* case under the ADA. <u>See</u> <u>Hollins v. Atlantic Co., Inc.</u>, 188 F.3d 652, 659 (6th Cir. 1999)(disparate treatment claim requires evidence that plaintiff was treated differently than an employee who was similarly situated in all material respects).

D.  <u>Conclusion</u>

For the foregoing reasons, Defendant's motion for summary judgment (Doc. 39) is hereby **GRANTED**.  Plaintiff's motion for summary judgment (Doc. 40) is hereby **DENIED**.  This action is **CLOSED**.

**IT IS SO ORDERED.**

_____/s/_____
Sandra S. Beckwith, Chief Judge
United States District Court